# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| REALTY PLUS INC/ACCESS PROPERTIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:15-CV-342-TLS |
| BARRY BRANN and KELLY GOLLON, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Realty Plus Inc/Access Properties initiated eviction proceedings against the Defendants, Barry Brann and Kelly Gollon, in the St. Joseph Small Claims Court. The Defendants removed the action to this Court by filing a document they titled Removal of State Court Case to This Federal Court and a Title 28 U.S.C. Section 1446(d) That Filing Immediately Stays All State Actions [ECF No. 2]. The Defendants request that the Court assume subject matter jurisdiction of the state court matter.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a). Federal courts "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (internal citations omitted). A federal district court has original jurisdiction in two circumstances. First, a district court has original jurisdiction for all civil cases "arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Second, a district court has original

jurisdiction for all civil cases where there is diversity of citizenship and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

The federal removal statute provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 768 (7th Cir. 2011). The Court need not wait for a remand motion, but may *sua sponte* remand a removal that is defective because of lack of subject matter jurisdiction. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998). The Court acts upon that authority here.

The Defendants fail to satisfy their burden to establish federal subject matter jurisdiction. They do not suggest that the requirements for diversity jurisdiction have been met. To determine if federal question jurisdiction exists, the Court looks to the allegations of a well-pleaded complaint, which must present a federal question on its face. *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). On its face, the Plaintiff's suit to establish its right to evict the Defendants and take immediate possession of real property does not present a federal question. In an attempt to create a federal question, the Defendants assert in the notice of removal that the Plaintiff has acted in violation of the Constitution and federal statutes in seeking immediate possession of real property because the Plaintiff was motivated by the Defendants' race. The Defendants may intend to assert a counterclaim or a defense based upon these allegations. However, counterclaims and defenses cannot establish federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003). The Defendants "'may remove only on the basis of

2

claims brought *against* them and not on the basis of counterclaims, cross-claims, or defenses asserted *by* them.'" *Mortg. Elec. Registration Sys., Inc. v. Rothman*, No. 04 C 5340, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005) (quoting Charles Alan Wright & Arthur R. Miller, & Edward H. Cooper, *Fed. Prac. & Proc. Juris.* § 3733 at 253 (3d ed.)). Accordingly, this Court lacks jurisdiction over the subject matter of the litigation, and there was no basis to remove it from state court.

## CONCLUSION

For the reasons stated above, the Court DIRECTS the Clerk of this Court to remand this case to the St. Joseph Superior Court, Small Claims Court.

SO ORDERED on September 14, 2015.

                                            s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION